# Order

Michigan Supreme Court
Lansing, Michigan

December 4, 2020

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

160917-8

SHERRIE DANIEL,
      Claimant-Appellant,

v

ANN ARBOR TRANSIT AUTHORITY, a/k/a
ANN ARBOR TRANSPORTATION
AUTHORITY, a/k/a ANN ARBOR AREA
TRANSPORTATION AUTHORITY,
      Appellee,
and

DEPARTMENT OF TALENT AND ECONOMIC
DEVELOPMENT/UNEMPLOYMENT
INSURANCE AGENCY,
      Appellee.

SC: 160917-8
COA: 343860; 343866
Washtenaw CC: 17-000771-AE

_____/

On order of the Court, the application for leave to appeal the December 26, 2019 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CAVANAGH, J. (*dissenting*).

This case presents the significant issue of whether claimants whose health would be harmed by their current job, either permanently or for the foreseeable future, can qualify for unemployment benefits under the Michigan Employment Security Act (MESA), MCL 421.1 *et seq.* I would have granted oral argument on the application to consider whether claimant satisfied the requirements of the voluntary-leaving provision in MCL 421.29(1)(a).

MESA provides that an individual claiming to have left work involuntarily for medical reasons must satisfy three requirements to avoid disqualification for employment benefits, the third of which is that the claimant "unsuccessfully attempted to be placed on

a leave of absence with the employer to last until the individual's mental or physical health would no longer be harmed by the current job." MCL 421.29(1)(a). Claimant in this case suffered a heart attack that rendered her unable to do her job as a bus driver. She testified that although she inquired about transferring to a desk job, her employer did not have any available. Apparently feeling she had no other choice, given that her doctors told her she could not return to work and her employer told her there was no other work available, claimant took a medical retirement. At the time of her resignation, claimant had used approximately 6 months out of an available 12 months of unpaid medical leave and did not request to extend her leave.

The Unemployment Insurance Agency (UIA) determined that claimant was disqualified from receiving unemployment benefits pursuant to the third requirement of MCL 421.29(1)(a). The Administrative Law Judge and the Michigan Compensation Appellate Commission affirmed. But the trial court reversed, ruling that claimant was not required to exhaust all available medical leave in order to satisfy Section 29(1)(a), instead finding the third requirement satisfied because claimant had a permanent medical condition necessitating indefinite medical leave. The trial court reasoned that if the condition is permanent, the amount of leave is irrelevant because no amount of leave would be sufficient to allow a claimant to resume their prior employment. However, the Court of Appeals reversed, noting the undisputed facts that claimant did not unsuccessfully attempt to be placed on a leave of absence until her health improved and that she left six months of unpaid leave on the table.

If no amount of leave would allow a claimant's health to improve enough to resume their job duties, can they satisfy the requirements of MCL 421.29(1)(a)? In circumstances such as these, where a claimant does not have a short-term disability, I question whether the requirement at issue is reasonably related to the cause or fact of unemployment such that it comports with federal law. See *In re Hearing to the South Dakota Dep't of Employment Security*, decision of the United States Secretary of Labor, issued September 25, 1964. I also question whether this interpretation is consistent with the purposes of the MESA—to prevent the spread and lighten the burden of involuntary unemployment, to compensate workers who become unemployed through no fault of their own, and to encourage employers to provide stable employment. MCL 421.2.

Under the UIA's interpretation, claimants whose health conditions are of an indefinite nature are left with an untenable set of choices—take long-term unpaid leave, or become unemployed with no unemployment benefits. For a claimant forced to forgo necessary income, neither choice is materially different. Such an interpretation hardly serves to prevent unemployment's "spread and to lighten its burden which so often falls with crushing force" upon employees and their families. MCL 421.2. I also take seriously claimant's concern that "leave of absence" is being interpreted to encompass absences without pay or benefits. Thus, an employer could simply place an employee on indefinite

leave without pay such that the employee could not qualify for unemployment benefits. This, too, is inconsistent with MESA's purpose to encourage employers to provide stable employment. MCL 421.2.

I question whether the Legislature intended such an absurd outcome for claimants with indeterminate or permanent medical issues that may never substantially improve to the point that they can return to their former jobs. I urge the Legislature to consider amending the language of the third requirement of MCL 421.29(1)(a) to address the application of the medical-leave-of-absence requirement to claimants with longer-term medical conditions.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 4, 2020



Clerk

s01201